IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL SCOTT (TDCJ No. 2086918), Plaintiff, V. DETECTIVE T. ALLEN and GRAND PRAIRIE POLICE DEPARTMENT, Defendants. | § § § § § § § § § § § § § No. 3:19-cv-228-K-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Michael Scott, a Texas prisoner, filed a *pro se* civil rights complaint against the Grand Prairie Police Department and a detective in that department. *See* Dkt. No. 1.

The Court granted Scott leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* Dkt. No. 6. And, after his case was transferred to the Dallas Division of this district under 28 U.S.C. §§ 1391(b) and 1404(a), it was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice to Scott's filing an action in state court for deprivation of property.

**Applicable Background**

Scott, who is in state custody following multiple convictions in Tarrant County,

asserts that the defendants violated his rights under the United States Constitution by stealing his property – property that was seized pursuant to a search warrant associated with proceedings that culminated with the convictions under which he is now incarcerated. *See* Dkt. No. 1 at 4; *see also id.* at 6 (search warrant inventory); *id.* at 7 (February 2017 letter from Defendant Grand Prairie Police Detective T. Allen, explaining that he "received [Scott's] request for the Grand Prairie Police Search Warrant inventory of seized property from [four] Tarrant County incident [numbers, which correspond with the criminal case numbers for Scott's convictions]. As you requested I have included the Search Warrant Inventory sheet that was placed in your property at the time of your arrest. The items documented were the only items taken from the room by the Grand Prairie Police Department. Your personal items that were not of evidentiary value were left in the hotel room and collected by the hotel management. If you would like to inquire as to the whereabouts of these items I suggest you contact the hotel.").

## Legal Standards

Where a prisoner – whether he is incarcerated or detained prior to trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th

Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. \_\_\_\_, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (a court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions" (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); citation omitted)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at \*2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-

cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

## Analysis

Scott does not explicitly assert that his constitutionally-protected right to due process was violated by the seizure of his property. But, to the extent his allegations may liberally be construed to present a procedural due process claim, that claim would implicate "[t]he *Parratt/Hudson* doctrine," which "dictates that a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996) (citing *Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991) (en banc) (discussing, in turn, *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986), and *Hudson v. Palmer*, 468 U.S. 517 (1984)); emphasis omitted).

> A state actor's negligent or intentional deprivation of a plaintiff's property does not result in a violation of procedural due process rights if there exists an adequate state post-deprivation remedy. *Hudson*, 468 U.S. at 533 (unauthorized intentional conduct); *Parratt*, 451 U.S. at 535-55 (negligent conduct); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). The [United States Court of Appeals for the] Fifth Circuit has found that the "Texas court system provides an adequate postdeprivation remedy through the right to appeal to restore any wrongfully taken property to its owner." *Holloway v. Walker*, 784 F.2d 1298, 1292 (5th Cir. 1986). In *Holloway*, the Fifth Circuit was concerned with an exception to the *Parratt/Hudson* rule where property was taken pursuant to an established state procedure. *Id.* at 1291 (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)). The Court found, however, that the *Paratt/Hudson* rule applies, as opposed to the *Logan* exception, in

> cases where state officials allegedly acted outside of the scope of established state procedure. *Id.* at 1292-93.
>
> In the present case, [Scott] is bringing a basic property claim barred by the *Parratt/Hudson* rule. To the extent that [he] claims the Defendants failed to comply with state law, his claims are barred by the *Parratt/Hudson* rule, just like the situation in *Holloway*. *See also Schaper v. City of Huntsville*, 813 F.2d 709, 715-16 (5th Cir. 1987) (rejecting property claim pursuant to *Parratt/Hudson* where city officials allegedly conspired to deprive plaintiff of property).

*Vega v. Twn. of Flower Mound, Tex.*, No. 4:16cv172, 2017 WL 889845, at *3 (E.D. Tex. Feb. 2, 2017) (original brackets omitted), *rec. adopted*, 2017 WL 823550 (E.D. Tex. Mar. 2, 2017); *see also Wooley v. City of Grapevine, Tex.*, No. 4:12-cv-299-Y, 2012 WL 6727619, at *3 (N.D. Tex. Dec. 28, 2012) ("Because Texas provides an adequate post-deprivation remedy, Wooley's claim concerning the taking of his personal property does not rise to a violation of the Due Process Clause. Thus, Wooley's allegation concerning the loss of his personal property does not amount to a violation of a constitutional right, and such claim should be dismissed." (footnotes omitted)).

Defendant Grand Prairie Police Department should also be dismissed for a separate reason. A plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. For example, as this Court has repeatedly recognized, the police departments of Texas

municipalities are not jural entities subject to suit. *See, e.g., Hagwood v. Dallas Police Dep't*, No. 3:15-cv-2622-L-BN, 2015 WL 6688721, at *3 (N.D. Tex. Sept. 11, 2015), *rec. accepted*, 2015 WL 6690045 (N.D. Tex. Oct. 30, 2015).

Given the complaint as filed, it appears that Scott has pleaded his best case that his civil rights have been violated based on the facts alleged. And the Court need not therefore grant him leave to amend his allegations here. But, should Scott wish to amend his claims once faced with these findings and conclusions, the 14-day period for filing objections affords him a fair opportunity to do so.

## Recommendation

The Court should dismiss this action without prejudice to Scott's filing an action in state court for deprivation of property.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: January 30, 2019

                                              _____
                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE